**AFFIRM; and Opinion Filed December 11, 2014.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01669-CR

**GARRETT VOGEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 8**
**Dallas County, Texas**
**Trial Court Cause No. 07-66820-T**

## MEMORANDUM OPINION ON REMAND

Before Justices Bridges, O'Neill, and Brown[1]
Opinion by Justice O'Neill

Appellant Garrett Vogel appeals his conviction for driving while intoxicated (DWI). In a single issue, Vogel contends the trial court erred in refusing to instruct the jury regarding whether reasonable suspicion existed to detain him in accordance with Article 38.23(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). On original submission, we assumed the trial court erred in failing to instruct the jury, but concluded Vogel suffered no actual harm and affirmed his conviction. *See Vogel v. State*, No. 05-11-01669-CR, 2013 WL 2467255 (Tex. App.—Dallas Jun. 6, 2013) (not designated for publication), *rev'd,* No. PD-0873-13, 2014 WL 5394605 (Tex. Crim. App. Sept. 17, 2014) (not designated for publication). The Court of Criminal Appeals reversed our judgment, concluding

---

[1] The Honorable Justice Ada Brown succeeded the Honorable Mary Murphy, a member of the original panel, upon Justice Murphy's retirement. Justice Brown has reviewed the briefs and record before the Court.

we had failed to properly apply the *Almanza* factors in conducting our harm analysis. *Vogel v. State*, No. PD-0873-13, 2014 WL 5394605 (Tex. Crim. App. Sept. 17, 2014) (not designated for publication). In doing so, the Court of Criminal Appeals expressed no opinion on whether the trial court erred in refusing to give the instruction in the first place. *Id.* at * 2. We now conclude the evidence failed to raise a disputed fact issue concerning reasonable suspicion, and therefore the trial court did not err in refusing Vogel's request. We again affirm Vogel's conviction.

At 1:00 a.m. on December 30, 2007, Dallas Police Officer David Coffie stopped Vogel because one of his headlights was out. When Vogel rolled down his window, Coffie smelled alcohol emanating from the car. Officer Coffie also smelled alcohol on Vogel's breath after Vogel exited the car. Vogel told Coffie "he might have had a glass of wine or a gin and tonic" that evening. Coffie continued to detain Vogel, and called for a "DWI unit" to assist the investigation. Vogel was subsequently arrested for DWI.

Vogel testified at trial and claimed he had only consumed two alcoholic drinks that night, one gin and tonic at 7:00 p.m., and a glass of wine at 8:00 p.m. with dinner. Vogel testified he did not "think" Officer Coffie would have been able to smell alcohol on his breath at the time of the stop and that he would be "surprised" if Coffie smelled alcohol on him at that time.

On appeal, Vogel contends the trial court erred in failing to instruct the jury concerning the legality of his continued detention. Under Article 38.23(a), when the evidence raises a question on whether evidence was illegally obtained, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the law, the jury shall disregard any evidence so obtained. *See* TEX. CODE CRIM. PRO. 38.23(a) (West 2005); *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). To show such a disputed fact issue exists, the defendant must show (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the

constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible. *Madden,* 242 S.W.3d at 510.

Evidence to justify an Article 38.23(a) instruction can derive "from any source," no matter whether "strong, weak, contradicted, unimpeached, or unbelievable." *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. 2012). But there must be "affirmative evidence" that puts the existence of the material fact into question. *Madden*, 242 S.W.3d at 513. Evidence that only calls into question or discredits the evidence supporting the fact is not sufficient. *Cf. id*. at 516 (videotape could only constitute evidence of disputed fact if it "clearly showed" the defendant did not do something the officer said he did and the video "clearly" would have shown that conduct if it had occurred). There must be a "conflict in the evidence" regarding the disputed fact. *See id*. at 513.

Vogel first asserts there was an "issue of fact" as to whether the facts on which Coffie relied on to detain Vogel − the smell alcohol and Vogel's admission that he may have had a single drink − sufficed to show reasonable suspicion. However, whether these facts constitute reasonable suspicion is a question of law, not a question of fact for the jury to determine. *Id.* at 512-13. Vogel also asserts he was entitled to an Article 38.23(a) instruction because there was a dispute in the evidence as to whether Officer Coffie smelled alcohol on him. He asserts his testimony at trial put this fact in dispute.

Coffie testified he detained Vogel to investigate for DWI because he smelled alcohol coming from Vogel's car and then on his breath. Vogel testified he did not "think" Coffie could have smelled alcohol on his breath and that he would have been "surprised" if he smelled of alcohol because he only had two drinks, hours before the stop, and had the second drink with dinner. We conclude Vogel's testimony is not "affirmative evidence" he did not smell of alcohol. Because there was no affirmative evidence in the record that Vogel did not smell of

–3–

alcohol, there was no conflict in the evidence or disputed fact issue for the jury to determine. *See*

*Madden*, 242 S.W.3d at 513 (there must be affirmative evidence of "did not speed" in the record

before there is a disputed fact issue). Therefore, the trial court did not err in refusing to give an

Article 38.23(a) instruction.

We resolve the sole issue against Vogel and affirm his conviction.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111669F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARRETT VOGEL, Appellant

No. 05-11-01669-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 8, Dallas County, Texas
Trial Court Cause No. 07-66820-T.
Opinion delivered by Justice Bridges.
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of December, 2014.